[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Holley M. Ohar, was the operator of a motor vehicle that collided with another vehicle. The plaintiff claims she was injured. She alleges that her injuries and losses were caused by the defendants, Mashantucket Pequot Tribe, Mashantucket Pequot Gaming Enterprise and Robert A. Zitto, the liquor permittee of the Foxwoods Resort Pequot Towers.
She brought an action against the defendants (the Tribe) in two counts. Count one in recklessness for recklessly serving her CT Page 10892 alcoholic beverages while she was intoxicated, and count two for negligently serving her alcoholic beverages when they knew or should have known she was intoxicated.
The defendants, Zitto, Mashantucket Pequot Tribe and the Mashantucket Gaming Enterprise (collectively referred to as the Tribe) have moved to dismiss the counts against them. They claim 1) that the court lacks subject matter jurisdiction because an exercise of state jurisdiction would infringe on tribal self-government; 2) that the doctrine of tribal immunity from suit prohibits the exercise of jurisdiction over these defendants; and 3) that the plaintiff has failed to exhaust tribal remedies.
The plaintiff claims that the state does have subject matter jurisdiction under the Settlement Act of 1983. In the case ofCharles v. Charles, 243 Conn. 653 (1987), the Supreme Court held that, by reason of the Act, the Tribe relinquished its right to require its consent to state jurisdiction. The plaintiff next argues that the Tribe's claim of immunity from suit is wrong. Recent cases hold that federal law expressly abrogated tribal immunity from civil suit, citing Charles, supra, p. 655. They further claim that Indian tribes have never enjoyed sovereign immunity from state law in the area of liquor distribution. InRice v. Rehner, 463 U.S. 715 (1983), a federally licensed Indian trader operated a general store on an Indian reservation and sought an exemption from state law requiring a state license for retail sale of liquor. The court held that state law in the area of liquor regulation was not preempted by federal law. Finally, the plaintiff claims she is not obligated to exhaust tribal court remedies because her cause of action is based on Connecticut law. She again points to the holding in Charles, supra p. 265 which held that the defendant, a tribal member living on the reservation could be sued in a Connecticut court for divorce and was not outside the jurisdiction of Connecticut or immune from suit. Furthermore, the plaintiff in that case was not obligated to first exhaust tribal remedies.
The plaintiff filed an identical complaint in the tribal court. The defendants filed an exhaustive brief covering the history of tribal immunity over the years and across the nation.
However, the Connecticut Supreme Court has established the law in the recent case of Drumm v. Brown, 245 Conn. 657 (July 28, 1998). In that case, the court made a comprehensive review of the history of tribal immunity and decided that court proceedings CT Page 10893 should be stayed while the plaintiffs exhausted their tribal court remedies and refused to dismiss the case.
The plaintiffs in Drumm, John C. Drumm and Richard Perron, were state police officers and Gerald O. Maranda. The officers had been assigned to the Foxwoods Casino and Maranda was formerly an employee in the security unit at the casino. They sued several officers of the Mashantucket Pequot Tribe. The plaintiffs alleged in their complaint that the tribal defendants intentionally inflicted emotional distress and caused them other damages as a result of an investigation of two illegal break ins involving tribal property. The sole issue in Drumm was whether the trial court properly dismissed the plaintiffs action on the ground that they had failed to exhaust their remedy in the tribal court. The court held that the action should be stayed as to Drumm and Perron and the action of Maranda should proceed in the trial court. The action of the tribal court dismissing the action was reversed.
Both sides in the instant case claim that Drumm supports their position. The Tribe claims this case should be dismissed because Ohar did not exhaust her tribal remedies. Ohar claims that because the court in Drumm did not dismiss the case for lack of subject matter jurisdiction, even though the case was against the Tribe itself, not just tribal members, the Superior Court does have jurisdiction over tribal defendants. She claims the only issue is whether she must exhaust her tribal remedies first. The tribal exhaustion doctrine is not jurisdictional and, therefore, does not mandate dismissal. Rather it may be satisfied by a stay of proceedings pending completion of the relevant proceedings in the tribal court. Drumm, supra, at 677.
The plaintiff argues that to stay the proceedings to determine if there is an adequate remedy in tribal court would serve no purpose other than delay, because tribal courts limit the amount of recovery in personal injury actions. Therefore, Ohar should be allowed to proceed without a stay.
The court disagrees. The question of whether tribal court remedies for personal injury actions are inadequate is a matter not before the court at this time.
The motion to dismiss the case is denied, however, the action is ordered to be stayed until the outcome of the action in the tribal court. CT Page 10894
D. Michael Hurley, Judge Trial Referee